### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL MAZIQUE, | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| CONN APPLIANCES, INC. AND | § | **COMPLAINT** |
| CONN CREDIT CORPORATION, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |
| | § | |

Plaintiff, by counsel and pursuant to the Federal Rules of Civil Procedure, asserts the following:

### INTRODUCTION

1.  This action for damages is brought by an individual plaintiff in response to Defendants' violations of the the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Texas Debt Collection Practices Act, Texas Finance Code, Chapter 392 ("TDCPA"), the Texas Deceptive Trade Practices Act, Texas Business and Commerce Code, Chapter 17, Subchapter E ("DTPA"), and for common law Negligence violations and common law Unreasonable Collection Efforts.

2.      The Telephone Consumer Protection Act ("TCPA") was designed to prevent

calls like the ones described within this Complaint, and to protect the privacy

of citizens like the Plaintiff. "Voluminous consumer complaints about abuses

of telephone technology—for example, computerized calls dispatched to

private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin.*

*Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to

how creditors and telemarketers may call them, and made specific findings

that "[t]echnologies that might allow consumers to avoid receiving such calls

are not universally available, are costly, are unlikely to be enforced, or place

an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11.

Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the
> home, except when the receiving party consents to receiving
> the call or when such calls are necessary in an emergency
> situation affecting the health and safety of the consumer, is the
> only effective means of protecting telephone consumers from
> this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

on TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress

indicates that automated or prerecorded calls are a nuisance and an invasion

of privacy, regardless of the type of call. . . ." TCPA, Pub.L. No. 102–243, at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.   Similarly the State of Texas enacted the Texas Debt Collection Practices Act, (TDCPA), which amongst other things, prohibits debt collectors from oppressing, harassing, or abusing individuals by causing their telephones to ring repeatedly or continuously, or from making repeated or continuous telephone calls to individuals, with the intent to harass them at the called telephone number, Tex Fin Code § 392.302(4).

6.   Cheryl Mazique ("Mazique" or "Plaintiff"), through her attorneys, brings this action to challenge the actions of Conn Appliances, Inc. ("Conn Appliances") and Conn Credit Corporation, Inc. ("Conn Credit"), (collectively "Conn" or "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

7.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

8.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9.   Unless otherwise stated, all the conduct engaged in by Defendants took place in Texas.

10. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendants' violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

13. Because Defendants do business within the Northern District of Texas, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants maintain a number of retail stores in the Northern District of Texas and a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Texas.

15. Defendants are subject to the Court's personal jurisdiction.

## PARTIES

16. Plaintiff, Cheryl Mazique ("Plaintiff") is a natural person who resides in the City of Sanger, State of Texas.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff is a consumer as defined by the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

19. Defendant Conn Appliances has its principal place of business in The Woodlands, in the State of Texas.

20. Defendant Conn Credit has its principal place of business in The Woodlands, in the State of Texas.

21. Defendants are "persons" as defined by 47 U.S.C. § 153(39).

22. Defendants are entities who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Tex. Fin. Code Ann. § 392.001(6).

23. Defendants are each a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

24. Between August 2016 and October 2016, Defendants called Plaintiff on Plaintiff's cellular telephone number ending in 8784 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

25. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26.   When Plaintiff would answer the calls from Defendants, there would often be a silence, sometimes with a click or beep-tone, before an Conn Representative would pick up and start speaking.

27.   Sometimes, Plaintiff would receive calls from Defendants in which the caller was a recorded voice or message, rather than a live representative.

28.   In total, Plaintiff has received at least 90 calls from Defendants on Plaintiff's cellular telephone between August 2016 through October 2016.

29.   Shortly after the calls began and repeatedly thereafter, Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by telephone.

30.   Plaintiff answered several of the above mentioned telephone calls from Defendants and asked Defendants to stop calling.

31.   Despite this clear and unmistakable request, the calls continued without interruption.

32.   Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

33.   Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

34. The calls by Defendants to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

35. As a result, the telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).

36. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendants to stop calling Plaintiff's cellular phone, Defendants continued to harass Plaintiff with collection calls using an ATDS and/or artificial or prerecorded voice.

37. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

38. The calls placed by Defendants to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members.

39. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendants' unwanted and intrusive calls.

40. In doing so, Plaintiff missed important communications from friends and family.

41. Through their actions, Defendants' breached their duty of care to Plaintiff and caused Plaintiff damages.

42. Through their actions, Defendants violated the Texas Debt Collection Practices Act.

43. Through their actions, Defendants violated the Texas Deceptive Trade Practices Act.

44. Through their actions, Defendants breached their duties under the common law for their unreasonable collection efforts and caused Plaintiff damages.

### Damages

45. Defendants caused an invasion of Plaintiff's privacy by calling her cellular phone over 90 times in three months in an attempt to collect a debt.

46. Defendants caused Plaintiff emotional distress and embarrassment by calling her repeatedly and continuously.

47. Defendants consumed and wasted Plaintiff's cell phone battery life.

48. Defendants wasted Plaintiff's time by calling Plaintiff when Defendants had no right to call Plaintiff.

49. Defendants caused the Plaintiff to suffer the frustration and annoyance the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of

the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.")

## STANDING

50. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

   a. a valid injury in fact;

   b. which is traceable to the conduct of Defendants;

   c. and is likely to be redressed by a favorable judicial decision.

   *See*, *Spokeo, Inc. v. Robins,* 578 U.S. ___ (2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

51. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### The "Injury in Fact" Prong

52. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

53. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists.  In the present case, Plaintiff was called on her cellular phone by the Defendants. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff.  *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are concrete and *de facto*.

54.   For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016) at 7.   In the instant case, it was Plaintiff's phone that was called and it was Plaintiff herself who answered the calls.    It was Plaintiff's personal privacy and peace that was invaded by Defendants' persistent phone calls using an ATDS. Finally, Plaintiff alone is responsible to pay the bill on her cellular phone. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

### The "Traceable to the Conduct of Defendants" Prong

55.   The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that her injury is traceable to the conduct of Defendants.

56.   In the instant case, this prong is met simply by the fact that the calls to Plaintiff's cellular phone were placed either, by Defendants directly, or by Defendants' agents at the direction of Defendants.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

57.   The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

58. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

59. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

60. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins,* 578 U.S. ___ (2016)*,* Plaintiff has standing to sue Defendants on the stated claims.

### CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

63. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

67. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3) (B) and 47 U.S.C. § 227(b)(3)(C).

68. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### NEGLIGENCE

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. Defendants had a duty to use care to not infringe on Plaintiff's privacy rights when collecting on alleged debts and not calling Plaintiff dozens of times to harass and/or abuse Plaintiff.

71. Defendants breached that duty by calling Plaintiff on Plaintiff's cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

72. Defendants negligence was a substantial and proximate factor in causing Plaintiff the harm and injury described above.

73. Plaintiff was harmed and suffered injury as described above.

74. As a result, Plaintiff is entitled to actual damages.

75. Defendants' conduct was malicious and oppressive.

76. As a result, Plaintiff is entitled to punitive damages.

## COUNT IV

### NEGLIGENCE PER SE - TCPA

77. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

78. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.

79. Thus, Plaintiff is within the protective class which the TCPA is designed to protect.

80. As described above, Defendants breached their duty when they violated the TCPA.

81. Defendants' violation of the TCPA was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

82. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiff or their family. As such Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

### COUNT V

**OPPRESSION, HARASSMENT, AND ABUSE IN VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT (TDCPA), TEXAS FINANCE CODE, CHAPTER 392**

83. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

84. Under the TDCPA, Defendants were barred from oppressing, harassing, or abusing Plaintiff by causing Plaintiff's telephone to ring repeatedly or

continuously, or from making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number, Tex Fin Code § 392.302(4).

85. Defendants disregarded their obligations under the TDCPA by causing Plaintiffs's telephone to ring repeatedly or continuously, and/or by making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number.

86. Defendants caused Plaintiff damages by disregarding Defendants' obligation under the TDCPA to not oppress, harass, or abuse Plaintiff by causing Plaintiffs's telephone to ring repeatedly or continuously, and/or by making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number.

87. Defendants has oppressed, harassed, and abused Plaintiff by causing Plaintiffs's telephone to ring repeatedly or continuously, and/or by making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number in violation of Tex. Fin. Code. § 392.302(4).

88. Defendants' actions are a deceptive trade practice pursuant to Tex. Fin. Code. § 392.404(a).

89. Plaintiff alleges that Defendants' actions were taken knowingly and intentionally thereby entitling Plaintiff to additional damages, attorneys' fees and costs of court, pursuant to both the TDCPA and the DTPA (below).

## COUNT VI

### VIOLATIONS OF THE
### TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA),
### TEXAS BUSINESS AND COMMERCE CODE, CHAPTER 17, SUBCHAPTER E

90.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

91.  A violation of the TDCPA is a deceptive trade practice under the DTPA, and is actionable under the DTPA, Tex. Fin. Code. § 392.404(a).

92.  Because Defendants acted knowingly or intentionally when violating the TDCPA, under the DTPA Plaintiff is entitled to treble damages on Plaintiff's TDCPA claim, Tex. Bus. Com. Code § 17.50(h).

## COUNT VII

### BREACH OF THE COMMON LAW TORT OF
### UNREASONABLE COLLECTION EFFORTS

93.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

94.  Defendants engaged in unreasonable collection efforts, in violation of the common law of the State of Texas.

95.  Defendants maintained a practice of repeatedly and continuously calling Plaintiff's telephone in furtherance of Defendants' debt collection efforts.

96.   Defendants' repeated and continuous telephone calls were made in such a way that a person of ordinary care and prudence would not have used such methods under the same or similar circumstances.

97.   Defendants' calls to Plaintiff were a harassing means to collect a debt in a willful, wanton and malicious way intended to inflict mental anguish and expose Plaintiff to feelings of actual and perceived ridicule in the community and workplace.

98.   Defendants' behavior caused Plaintiff to suffer extreme and several mental anguish and emotional distress.

99.   As a result, Plaintiff is entitled to actual damages.

100.   Defendants' conduct was malicious and and reckless.

101.   As a result, Plaintiff is entitled to exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

## COUNT I

## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227 ET SEQ.

•   Statutory damages of $500 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

•   Any and all other relief that the Court deems just and proper.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

• Statutory damages of $1,500, for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

• Any and all other relief that the Court deems just and proper.

## COUNT III

### NEGLIGENCE

• An award of actual damages;

• An award of punitive damages;

• Any and all other relief that the Court deems just and proper.

## COUNT IV

### NEGLIGENCE PER SE

• An award of actual damages;

• An award of punitive damages;

• Any and all other relief that the Court deems just and proper.

## COUNT V

### OPPRESSION, HARASSMENT, AND ABUSE
### IN VIOLATION OF THE
### TEXAS DEBT COLLECTION PRACTICES ACT (TDCPA),
### TEXAS FINANCE CODE, CHAPTER 392

• Ruling that Defendants violated the TDCPA;

• Awarding Plaintiff actual damages pursuant to the TDCPA;

• In the alternative, awarding Plaintiff statutory damages of at least $100 pursuant to the TDCPA for each and every violation of the TDCPA;

• Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

• Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

• Any and all other relief that the Court deems just and proper.

## COUNT VI

### VIOLATIONS OF THE
### TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA),
### TEXAS BUSINESS AND COMMERCE CODE, CHAPTER 17, SUBCHAPTER E

• Ruling that Defendants violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E;

• Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

• Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

• Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

• Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

• Any and all other relief that the Court deems just and proper.

## COUNT VII

### BREACH OF THE COMMON LAW TORT OF UNREASONABLE COLLECTION EFFORTS

• An award of actual damages;

• An award of exemplary damages;

• Any and all other relief that the Court deems just and proper.

### JURY DEMAND

102.   Pursuant to the seventh amendment to the Constitution of the United States of America, Mazique is entitled to, and demands, a trial by jury.

Date: June 1, 2017                          By:/s/ Anthony Chester
                                            Anthony P. Chester
                                            State Bar No. 24092253
                                            **HYDE & SWIGART**
                                            1910 Pacific Ave., Suite 14155
                                            Dallas, TX 75201
                                            Telephone:   (952) 225-5333
                                            Facsimile:    (800) 635-6425
                                            Email: tony@westcoastlitigation.com

                                            Abbas Kazerounian, Esq.
                                            State Bar No. 24090982
                                            **Kazerouni Law Group, APC**
                                            245 Fischer Ave, Unit D1
                                            Costa Mesa, CA 92626
                                            Telephone:   (800) 400-6808 Ext. 2
                                            Facsimile:    (800) 520-5523
                                            Email: ak@kazlg.com

                                            *Attorneys for Cheryl Mazique*